

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2012 SEP 20  AM 11: 19

LORETTA G. WHYTE
CLERK

# FELONY

## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BILL OF INFORMATION FOR VIOLATIONS OF**
**THE ACT TO PREVENT POLLUTION FROM SHIPS AND FALSE STATEMENT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO.** 12 - 258 |
| **V.** | * | **SECTION:** SECT. J MAG. 2 |
| **MASTERMIND SHIPMANAGEMENT, LTD** | * | **VIOLATION:** 33 U.S.C. § 1908(a) |
| **DUSKO JOKETIC** | | 18 U.S.C. § 1001(3) |
| | * | |
| * | * | * |

The United States Attorney charges that:

### Count 1
### (APPS Violation)

**A.    At All Times Material Herein:**

1.    The United States is part of an international regime that regulates discharges of oil from

vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified

by the Protocol of 1978 (the "MARPOL Protocol"). The MARPOL Protocol was enacted into United

States law by the Act to Prevent Pollution from Ships ("APPS"), Title 33, United States Code,

Sections 1901, *et seq.*  APPS makes it a crime for any person to knowingly violate the MARPOL

Protocol, APPS, or regulations promulgated under APPS.  The regulations promulgated under APPS

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

apply to all commercial vessels over 400 gross tons operating in United States waters or while at a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States. 33 C.F.R. § 151.09(a)(5).

2.  On large commercial vessels bilge waste accumulates in bilge wells, the bottommost part of the vessel. Periodically this waste is pumped into a bilge holding tank. Bilge waste consists of water originating from spills and leaks from piping, tanks, or from rain and waves. This waste may be contaminated with oil, oil residue, lubrication fluids, and other liquids that leak or drip from engines or pipes and hoses that run throughout the ship. In order to maintain bilges at safe levels, bilge tanks and wells must be periodically emptied. This can be done in one of two ways: (1) bilge waste can be discharged ashore to a waste reception facility or, (2) it may be pumped over the side of the ship using an Oil Water Separator. Pursuant to MARPOL and APPS, oil-contaminated wastes may be discharged overboard into the ocean only if they contain 15 parts per million ("ppm") or less concentration of oil. The principal technology utilized to lower the oil content of oil-contaminated waste is an Oil Water Separator ("OWS"), which includes an Oil Content Monitor ("OCM") to detect and prevent concentrations of oil in excess of 15 ppm from being discharged overboard. Sludge waste is generated in the engine room primarily as a result of the purification of fuel and lubrication oils that are used by the main propulsion engine and the electricity generator engines. Pursuant to MARPOL and APPS, sludge can only be disposed of by either (1) burning the sludge in an incinerator or (2) discharging the sludge ashore to a waste reception facility.

3.  Consistent with the requirements contained in MARPOL, APPS regulations require that a non-oil tanker ship of 400 gross tons and above maintain a record known as an Oil Record Book

2

("ORB") in which all disposals of oil residue and the discharge overboard or disposal otherwise of bilge waste and sludge that has accumulated in the machinery spaces must be recorded. 33 C.F.R. § 151.25(d). Specifically, discharges of bilge waste, sludge, and oily mixtures must be fully recorded, without delay, in the Oil Record Book by the person in charge of the operations. The Oil Record Book also must contain entries concerning any emergency, accidental, or other exceptional discharges of oil or mixtures. 33 C.F.R. § 151.25(g). The Oil Record Book must be maintained onboard the vessel for not less than three years, and be readily available for inspection at all reasonable times. 33 C.F.R. § 151.25.

4.      The United States Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 89(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law including MARPOL and APPS. In conducting inspections, commonly known as Port State Control inspections, United States Coast Guard personnel rely on the statements of the vessel's crew and documents, including information contained in the Oil Record Book. The United States Coast Guard is specifically authorized to examine the vessel's Oil Record Book to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate procedures, whether it poses any danger to United States' ports and waters, and whether the vessel has discharged any oil or oily mixtures in violation of MARPOL, APPS, or any applicable federal regulations. 33 C.F.R. §§ 151.23(a)(3) and (c). If the United States Coast Guard finds evidence that a vessel is not in substantial compliance with MARPOL or APPS, the United States Coast Guard is empowered to deny a vessel's entry into a United States' port or detain

3

the vessel until it is determined that the vessel does not present an unreasonable threat to the marine environment. 33 C.F.R. §§ 151.07(b) and 151.23(b).

5.     The defendant **MASTERMIND SHIPMANAGEMENT, LTD,** a company with offices at 11, Gregori Afxentiou str, 3rd floor, Limassol, Cypress, was the operator of the *Motor Vessel ("M/V") Onego Mistral,* that transported bulk cargo between various ports and places in the world, including the Port of New Orleans.

6.     The *M/V Onego Mistral* was a 5,338 gross ton ocean-going bulk carrier cargo ship that was registered in Cypress and had an International Maritime Organization ("IMO") number of 9371919.

7.     The defendant **DUSKO JOKETIC** was the head of the engine department of the *M/V Onego Mistral* and held the title of Chief Engineer. As Chief Engineer, the defendant **DUSKO JOKETIC** supervised the work of the engineering crew and had overall responsibility for the operations occurring in the engine room. Specifically, it was the defendant **DUSKO JOKETIC**'s responsibility to ensure that no oil-contaminated wastes were discharged overboard into the ocean if they contained more than 15 ppm or more concentration of oil. As Chief Engineer, he was required to maintain an accurate Oil Record Book.

**B.     Violation of the Act to Prevent Pollution from Ships:**

On or about August 15, 2012, within the navigable waters, internal waters, and ports of the Eastern District of Louisiana, defendant **MASTERMIND SHIPMANAGEMENT, LTD**, by and through its agents and employees acting within the scope of their agency and employment and for the intended benefit of the defendant **MASTERMIND SHIPMANAGEMENT, LTD**, did knowingly fail to maintain an Oil Record Book for the *M/V Onego Mistral* in which all disposals of oil residue

4

and discharges overboard and disposals otherwise of oily mixtures, slops from bilges, sludge and bilge waste that accumulated in machinery spaces were fully recorded. Specifically, the defendant, **MASTERMIND SHIPMANAGEMENT, LTD,** failed to maintain an accurate Oil Record Book, by (1) failing to disclose exceptional discharges in which overboard discharges of oil residue and oily mixtures, slops from bilges and bilge waters had been made with bypass equipment ("magic pipe") and (2) failing to disclose that oily water discharges were made without the use of a properly functioning Oily Water Separator, in order to create the appearance that the ship and its crew were properly managing the oily waste: all in violation of Title 33, United States Code, Section 1908 (a) and 33 C.F.R. §§ 151.25(a) & (h).

### Count 2
### (APPS Violation)

A.      The allegations contained in Section A of this Information are realleged and incorporated as if fully set forth herein.

B.      **Violation of the Act to Prevent Pollution from Ships:**

On or about December 1, 2011, within the navigable waters, internal waters, and ports of the Eastern District of Louisiana, defendant **MASTERMIND SHIPMANAGEMENT, LTD,** by and through its agents and employees acting within the scope of their agency and employment and for the intended benefit of the defendant **MASTERMIND SHIPMANAGEMENT, LTD,** did knowingly fail to maintain an Oil Record Book for the *M/V Onego Mistral* in which all disposals of oil residue and discharges overboard and disposals otherwise of oily mixtures, slops from bilges, sludge and bilge waste that accumulated in machinery spaces were fully recorded. Specifically, the defendant,

**MASTERMIND SHIPMANAGEMENT, LTD,** failed to maintain an accurate Oil Record Book, by (1) failing to disclose exceptional discharges in which overboard discharges of oil residue and oily mixtures, slops from bilges and bilge water that accumulated in machinery spaces had been made with bypass equipment and (2) failing to disclose that oily water discharges were made without the use of a properly functioning Oily Water Separator, in order to create the appearance that the ship and its crew were properly managing the oily waste: all in violation of Title 33, United States Code, Section 1908 (a) and 33 C.F.R. §§ 151.25(a) & (h).

### Count 3
### (False Statement)

**A.**     The allegations contained in Section A of this Information are realleged and incorporated as if fully set forth herein.

**B.**     **False Statement to Coast Guard:**

On or about August 15, 2012, in the Eastern District of Louisiana, defendant **DUSKO JOKETIC,** in a matter within the jurisdiction of the executive branch of the United States, namely, a Port State Control Inspection of the United States Coast Guard and the Department of Homeland Security, did knowingly and willfully make and use and caused the making and use of a false writing and document, namely the Oil Record Book of the *M/V Onego Mistral*, while knowing that the Oil Record Book contained materially false, fictitious, and fraudulent statements and representations. Specifically, on that date, in the Port of New Orleans, Louisiana, defendant **DUSKO JOKETIC** used, presented, and made available to Coast Guard inspectors an Oil Record Book that contained falsified entries and failed to disclose unlawful overboard discharges of oily mixtures and oil contaminated

6

bilge waste, as well as the bypassing of pollution prevention equipment, and the inoperability of the ship's Oil Water Separator; all in violation of 18 U.S.C. § 1001(a)(3) and 18 U.S.C. § 2(b).

_____
JIM LETTEN
UNITED STATES ATTORNEY
Bar Roll No. 8514

_____
JAN MASELLI MANN
First Assistant United States Attorney
Chief, Criminal Division
Bar Roll No. 9020

_____
DOROTHY MANNING TAYLOR
Assistant United States Attorney
Bar Roll No. 12678

_____
SPIRO G. LATSIS
Assistant United States Attorney
Bar Roll No. 24517

New Orleans, Louisiana
September 20 , 2012

7

No. _____

# United States District Court

FOR THE

__EASTERN__ DISTRICT OF __LOUISIANA__

_____

UNITED STATES OF AMERICA

vs.

MASTERMIND SHIPMANAGEMENT, LTD And
DUSKO JOKETIC

_____

## BILL OF INFORMATION

_____

BILL OF INFORMATION FOR VIOLATIONS OF THE ACT
TO PREVENT POLLUTION FROM SHIPS AND FALSE
STATEMENT

_____

VIOLATION: 33 U.S.C. § 1908(a)
18 U.S.C. § 1001(3)

_____

Filed _____, 2012

_____ Clerk

By _____

_____ Deputy

DOROTHY MANNING TAYLOR
Assistant United States Attorney