

## U.S. Department of Justice

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Dorothy Manning Taylor*
*Assistant United States Attorney*

The Poydras Center

650 Poydras Street, Suite 1600
New Orleans, LA 70130

Telephone: (504) 680-3083

Fax: (504) 589-2027

September __, 2012

Daniel Tadros, Esq.
1100 Poydras Street, Suite 2300
New Orleans, Louisiana 70163
Tadros@chaffe.com

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  OCT - 4 2012
LORETTA G. WHYTE
       CLERK
```

Re: United States v. Mastermind Shipmanagment, LTD
    Criminal No. *12-258*

Dear Mr. Tadros:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Mastermind Shipmanagement, LTD (hereinafter the "Company" or "defendant"), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by the Company that the Company fully understands the terms of this agreement. The Company, by resolution attached hereto, has authorized a representative to enter into this plea agreement on the Company's behalf. Additionally, the Company agrees to waive its right to grand jury indictment.

    The Government intends to file a Bill of Information charging the Company with two felony counts for violations of Title 33, United States Code, Section 1908(a), for knowingly failing to maintain an oil record book while in port and within the internal waters of the United States on two port calls to New Orleans. The Company understands that the maximum penalty it faces for each count is a fine of up to $500,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

    It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The parties are not aware of any restitution owed in this matter.

Further, the Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Title 18, United States Code Section 3013 for each count for a total of $800.00. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and the Company, the Government and the Company agree and stipulate to the following plea and sentence applicable to this case:

(1) The Company shall plead guilty to the Bill of Information, charging the Company with two violations of Title 33, United States Code, Section 1908(a) for knowingly failing to maintain an oil record book while in port and within the internal waters of the United States, the details of which are more fully set forth in the mutually acceptable Joint Factual Basis submitted herewith.

(2) In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company arising from or related to any and all conduct that occurred in the Eastern District of Louisiana that was revealed by the investigation of the *M/V Onego Mistral* and known to the Government at the time of signing of the plea agreement, including the activities described in paragraph (1) and more specifically set forth in the Joint Factual Statement. Nevertheless, this Plea Agreement is only binding on the United States's Attorney's Office for the Eastern District of Louisiana and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability (including administrative sanctions) to any individual, legal entity, or the United States.

(3) The Company further agrees to pay a criminal fine of Seven Hundred Fifty Thousand dollars ($750,000.00).

(4) The Company agrees to pay the total monetary penalty in full on the day of sentencing.

(5) As set forth above, the Company must pay a special assessment of $800.00 on the day of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

(6) The Company will be placed on organizational probation for a period of three (3) years from the date of sentencing. The terms of probation shall be:

    (a) The Company agrees that it shall commit no further violations of MARPOL 73/78, federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state

authorities, and shall conduct all its operations in accordance with environmental laws of the United States.

(b)  Payment in full of the monetary amounts set forth herein.

(c)  The Company agrees to implement an approved Environmental Compliance Plan ("ECP"), during its term of probation, a copy of which is attached hereto.

(d)  The Company agrees that it will not take any adverse action against the officers and crew members who cooperated with the investigation. Prohibited adverse actions include, but are not limited to, dismissal from service, refusal to offer future work assignments and negative performance review. This provision does not apply to any crew member who is charged for criminal conduct related to this investigation.

(e)  The Company agrees that it will continue to comply with the terms of the Surety Agreement entered into with the United States Coast Guard and to fully provide salary, room and board, and travel expenses for its seafarer crew members until the crews are cleared to return to their homes.

(7)  The parties do not believe that restitution is applicable in this case.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, the Company has the right to withdraw the guilty plea.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

3

a. Waives and gives up its right to appeal or contest its guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to its right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 18, United States Code, Section 1291;

b. Waives and gives up its right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up its right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up its right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if it establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, the Company understands that any discussions with the Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The stated $ 750,000 fine represents the total amount to be paid by the Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The Company agrees that the fine will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

This Plea Agreement shall bind the defendant and its subsidiaries and affiliates, including all subsidiaries and affiliates that manage, operate, own, man, or serve as ISM manager for vessels, including but not limited to Mastermind Shipmanagment, LTD, and all successors-in-interest, and assigns. During the three year probation period, the defendant shall provide immediate, written

4

notice to the Government and the U.S. Probation Office of any of the following: (i) any corporate name change, (ii) any purchase or sale of vessels, (iii) any agreement to operate, manage, be designated as an ISM manager for, or man any vessel, (iv) any change in the name, call sign, flag, owner, IMO number, or other identifying information of any vessel owned, operated, managed, ISM-managed, or manned by the Company, and (v) any purchase, sale, reorganization, transfer of a plurality or controlling interest, or divestiture of the Company, or (vi) any other change impacting upon or affecting this Plea Agreement. No change in name, change in corporate or individual control, business reorganization, bankruptcy, change in ownership, merger, change in legal status, sale or purchase of assets, or similar action shall alter or diminish the Company's obligations under this Plea Agreement. The Company further agrees that it will not engage in any business reorganization, transfer of ownership, corporate dissolution, or other business practice in order to avoid the obligations set forth in this Plea Agreement.

The Company understands that the statements set forth above and the Joint Factual Statement to be filed in the record represent defendant's entire agreement with the Government and that there are no other agreements, letters or notations that will affect this agreement.

Sincerely,

JIM LETTEN
UNITED STATES ATTORNEY

_____ 10/4/12
Dorothy M. Taylor
Assistant United States Attorney

_____
Spiro G. Latsis
Assistant United States Attorney

Mastermind Shipmanagement, LTD

By: _____      10/4/12
       Corporate Representative for defendant      Date

_____      10/4/12
Daniel Tadros      Date
Attorney for defendant

-5-